UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GHALIB MUNTAQIM-BEY,

                Plaintiff,                        Case No. 1:13-cv-140

v.                                          Honorable Robert J. Jonker

JANET HUTCHIN,

                Defendant.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**<u>Factual Allegations</u>**

Plaintiff is incarcerated in the Lakeland Correctional Facility (LCF). In his *pro se* complaint, he sues LCF mail room employee Janet Hutchin. Plaintiff raises a claim of denial of access to the courts relating to a habeas corpus action that he filed in 2010 in the Eastern District of Michigan. *See Muntaqim-Bey v. Rapelje*, No. 2:10-cv-12478 (E.D. Mich.). On April 1, 2011, the court issued an opinion and order holding the petition in abeyance pending exhaustion of Petitioner's state-court remedies.

On March 7, 2012, while his habeas corpus action was pending, Plaintiff submitted a prisoner request for disbursement form in the amount of $48.00 payable to the district court for copies of his petition. The disbursement form was signed and authorized by Assistant Resident Unit Manager Marvin. Notwithstanding Marvin's authorization, Defendant returned the forms to Plaintiff on March 8, with the notation, "Copies are not filing fees." (Compl., ¶ 14, Page ID#4, docket #1.) Plaintiff then sought assistance from family members, who mailed payment for the copies to the district court. Plaintiff claims that upon receiving the copies from the district court, "he had to then file several motions for extensions of time in which to get his habeas corpus pleadings back on track for an order allowing him to return to the state courts for exhaustion purposes." (*Id*. at ¶16, Page ID#5.)

Plaintiff claims that Defendant violated his First and Fourteenth Amendment rights "when she engaged in tactics to cause Plaintiff harm, delay, unfavorable rulings from the US District Court during his habeas corpus proceedings in violation of his First Amendment right to meaningful access to the courts." (Compl., ¶ 19, Page ID#5.) Plaintiff seeks declaratory and injunctive relief, as well as monetary damages of $10,000.

- 2 -

**Discussion**

I.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments.  *See  Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts.  *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995).  First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration.  *Id.* (citing *Bounds*, 430 U.S. at 824-28).  Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts.  *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)).  In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation.  *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999).

Plaintiff has failed to demonstrate that Defendant Hutchin's alleged conduct resulted in actual injury to his habeas corpus proceedings.  The district court's decision to stay Plaintiff's habeas action pending exhaustion of his administrative remedies was completely unrelated to Defendant's rejection of Plaintiff's disbursement request.  Thereafter, the district court granted both

of Plaintiff's motions for extension of time. According to the docket sheet from his habeas corpus action, Plaintiff filed two motions for extension of time after the district court issued the order staying his case. Plaintiff first sought an extension of time to file his motion for relief from judgment in the state court on the ground that he and the prison paralegal assisting him with his case became separated due to institutional transfers. The district court granted Plaintiff's motion on May 1, 2012. Plaintiff filed a second motion for extension of time on May 14, 2012, because LCF staff refused to process his disbursement request for copies as alleged in this complaint. The court granted Plaintiff's motion on June 4, 2012. Because the court granted Plaintiff's motions for extension of time, and Plaintiff ultimately obtained the copies that he sought from the district court, he did not suffer actual injury to his habeas action. Plaintiff, therefore, fails to state a claim for denial of access to the courts.

To the extent Plaintiff asserts that Hutchin's conduct violated state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims when the federal claims have been dismissed prior to trial. *See Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     March 5, 2013             /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE